## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PINK WRIGHT, III,

        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
SF-0752-21-0116-I-1

DATE:  November 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Pink Wright, III</u>, Victorville, California, pro se.

<u>Julianne Ference</u>, Esquire, North Las Vegas, Nevada, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

In a March 5, 2021 initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. Initial Appeal File (IAF), Tab 13, Initial Decision (ID). The initial decision informed the appellant that the decision would become final on April 9, 2021, unless he filed a petition for review by that date. ID at 12.

The appellant filed a petition for review on April 28, 2021. Petition for Review (PFR) File, Tab 1. He asserted therein that he had received the initial decision on March 5, 2021.[2] *Id.* at 3; ID at 1; IAF, Tab 14. As to why his petition for review was untimely filed, the appellant claimed in his sworn petition for review that he thought he had to file with the Office of Special Counsel (OSC) and had done so.[3] PFR File, Tab 1 at 4. He asserted that he "was refused" and advised that he "can ask for a judicial review." *Id.* He acknowledges that he "continued" with the "wrong office" and requested a hearing. *Id.* He subsequently filed a supplement to his petition for review which appears to address the merits of his appeal, not the timeliness issue. PFR File, Tab 2 at 3. The agency did not reply to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014). Here, the initial decision was issued on March 5, 2021, and served on the appellant that same day. ID at 1; IAF, Tab 14; PFR File, Tab 1 at 3. Thus, the appellant was required to file any petition for review no later than April 9, 2021. ID at 12. The

[2] The appellant registered as an e-filer. IAF, Tab 1 at 2. Registration as an e-filer constitutes consent to accept electronic service of documents issued by the Board. 5 C.F.R. § 1201.14(e).

[3] The appellant did not provide any documentation of his alleged filing with OSC, or of OSC's alleged response.

appellant's petition for review of the initial decision was filed on April 28, 2021. PFR File, Tab 1.  Therefore, the appellant's petition for review was untimely filed by 19 days.

¶5    The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing.  *Palermo,* 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.113(d), 1201.114(g).  The party who submits an untimely petition for review has the burden of establishing good cause by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Palermo,* 120 M.S.P.R. 594, ¶ 4; *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition.  *Palermo,* 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  The Board may decline to excuse a pro se appellant's minimal delay when he fails to establish that he acted with due diligence.  *See, e.g., Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2002).

¶6    The appellant received notice of how to establish good cause for his untimely filing.  PFR File, Tab 1 at 3.  As described above, the appellant contends that he filed with OSC[4] rather than the Board.  *Id.* at 4.  Generally, the pursuit of

---

[4] If the appellant believes that he has engaged in protected whistleblowing activity and has been the victim of reprisal for that activity, he may file an individual right of action (IRA) appeal.  The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v.*

appeal rights in another forum does not constitute good cause for the waiver of Board time limits. *Scott v. U.S. Postal Service*, 80 M.S.P.R. 581, ¶ 6 (1999). The Board also generally holds that the failure to follow explicit filing instructions does not constitute good cause for the ensuing delay. *King v. Department of Justice,* 81 M.S.P.R. 435, ¶ 5 (1999); *see Sanford v. Department of Defense*, 61 M.S.P.R. 207, 209 (1994). The initial decision provided the appellant with explicit instructions for filing a petition for review including the time limit for doing so and the office with which to file. ID at 12-13. The appellant did not follow those instructions.

¶7        Moreover, it is not clear from the appellant's assertions on review whether he mistakenly filed a document with OSC that he intended to be a petition for review of the Board's initial decision in this appeal or intended to file a new whistleblowing reprisal complaint. On review, the appellant did not include his purported OSC filing, and thus, we are unable to determine his intent. PFR File, Tab 1 at 4. Moreover, the length of the appellant's delay, 19 days, is not minimal. *See Garcia v. Office of Personnel Management*, 95 M.S.P.R. 597, ¶ 7 (2004) (a filing delay of 19 days is not minimal). Under these circumstances, we do not believe that the appellant has exercised the diligence required to establish good cause for his delay in filing his petition for review.

¶8        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's alleged involuntary resignation.

---

*Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The Board makes no finding in this decision regarding the jurisdictional or merits issues regarding any such appeal by the appellant.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


Jennifer Everling

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.